UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA RECEIVED

| | | |
|---|---|---|
| JENNIFER PERRY, | ) | 2007 DEC -6  A 11: 30 |
| CATRINA KNIGHT and | ) | |
| TALITHA ROBINSON- RUSSELL, | ) | |
| | ) | DEBRA P. HACKETT CLK |
| Plaintiffs, | ) | U.S. DISTRICT COURT |
| | ) | MIDDLE DISTRICT ALA |
| vs. | ) | Case No. 2:07-CV- 1067-WKW |
| | ) | |
| TWEEN BRANDS, INC., | ) | |
| JUSTICE STORES, L.L.C. | ) | |
| CARISSA GODWIN, and AMI LANE, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

### Preliminary Statement

This action is brought to redress a continuous pattern and practice of employment discrimination based on race pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981. This action is also brought to redress defamation against the Plaintiffs pursuant to the common law of Alabama.

### Parties

1.    Plaintiff, Jennifer Perry ("Perry"), an African-American female, is over the age of 19 years old and a citizen of the United States who resides in Montgomery County, Alabama.  At all relevant times, Ms. Perry was an employee of Limited Too, Tween Brands, Inc., and/or its predecessor, Too, Inc., within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and applicable case law.

2.    Plaintiff, Talitha Robinson-Russell ("Robinson-Russell"), an African-American female, is over the age of 19 years old and a citizen of the United States who resides in Jefferson

County, Alabama. At all relevant times, Ms. Robinson Russell was an employee of Justice, Tween Brands, Inc., and/or its predecessor, Too, Inc., within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and applicable case law.

3.    Plaintiff, Catrina Knight ("Knight"), an African-American female, is over the age of 19 years old and a citizen of the United States, who resides in Jefferson County, Alabama. At all relevant times, Ms. Knight was an employee of Justice, Tween Brands, Inc., and/or its predecessor, Too, Inc., within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and applicable case law.

4.    Defendant, Tween Brands, Inc. ("Tween Brands"), is a Delaware corporation with its principal place of business in New Albany, Ohio. Until the company changed its name to Tween Brands, Inc. in July 2006, it was known as Too, Inc.   It does business in Alabama under the names of the "Limited Too" and "Justice" retail stores including stores located in Montgomery County, Alabama and Jefferson County, Alabama.  At the end of its fiscal year in 2006, Limited Too operated 772 stores in 46 states including Puerto Rico.  Justice operated 159 stores throughout the United States at the end of their 2006 fiscal year.   Tween's registered agent for service of process in Alabama is The Corporation Company, 2000 Interstate Park Drive, Suite 204, Montgomery, Alabama 36109.

5.    Based on information and belief, Defendant, Justice Stores, L.L.C. (herein "Justice") has its principal place of business at 8323 Walton Parkway, New Albany, OH 43054. Justice is a wholly owned subsidiary of Tween Brands.   Justice operates retail stores throughout the United States including the stores in Jefferson County, Alabama.

6.    Based on information and belief, Defendant, Carissa Godwin ("Godwin") is an adult resident of Shelby County, Alabama and a management employment of Limited Too and

2

Tween Brands, Inc. She resides at 135 Park Lake Trace, Helena, Alabama 35080. She was at all relevant times the District Manager of Tween Brands, Inc. with responsibility for several Limited Too stores including those located in Montgomery, Alabama where Plaintiff Perry was employed.

7.    Based on information and belief, Defendant, Ami Lane ("Lane") is over the age of 19 years old and a resident of Jefferson County, Alabama. She was at much of the relevant time herein, including the time that Plaintiff Robinson-Russell was terminated, the District Manager with responsibility for several Justice Stores, including stores in the Patton Creek, which is located in Jefferson County, Alabama.

8.    At all relevant times, Plaintiffs were employed with Tween Brands, Inc. and its predecessor Too, Inc., in its "Limited Too" stores in Montgomery County, Alabama and its Justice Stores in Jefferson County, Alabama.

## Jurisdiction and Venue

9.    This civil action is instituted and authorized pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., 42 U.S.C. § 1981 and the Common Law of the State of Alabama.

10.    This Court has jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1331 and 1343 to redress the unlawful deprivation of Plaintiffs' civil rights secured, guaranteed and protected by Federal law. This Court may also exercise pendant jurisdiction over Plaintiffs' state law claims arising under the common law and statutes of the State of Alabama, which arise from a common nucleus of operative facts pursuant to 28 U.S.C. § 1367.

3

11.     Venue is proper in the United States District Court for the Middle District of Alabama pursuant to 28 U.S.C. § 1391(b), where one Plaintiff resides, where Defendant Tween Brands, Inc. regularly conducts business, and where a substantial part of the conduct giving rise to these claim occurred.


### Administrative Prerequisites

12.     Plaintiffs re-allege and incorporate by reference all of the preceding paragraphs of this complaint as if the same were set out fully herein.

13.     Ms. Perry complied with all of the administrative prerequisites to action under Section 706 of Title VII of the Civil Rights Act of 1964 as amended, 42. U.S.C. § 2000e-5 as follows:

    A.     On or about October 17, 2006, Ms. Perry timely filed a formal charge of discrimination with the Equal Employment Opportunity Commission (hereinafter referred to as "EEOC");

    B.     Ms. Perry promptly and diligently accommodated all EEOC requests for information and fully cooperated in the EEOC's investigation of this matter;

    C.     Ms. Perry has exhausted all available administrative remedies prior to instituting this civil action, and received her Notice of Suit Rights from the EEOC on September 7, 2007.

**Factual Allegations**

14.    Plaintiffs re-allege and incorporate by reference all of the preceding paragraphs of this complaint as if the same were set out fully herein.

15.    Plaintiff Jennifer Perry was first employed by Defendant, Tween Brands, Inc.'s predecessor, Too, Inc., in November 2000 as a Brand Representative at its Limited Too retail store in Montgomery County, Alabama, and was promoted to Assistant Manager in April, 2002.

16.    Plaintiff Talitha Russell-Robinson was first employed by Defendant Tween Brands, Inc.'s predecessor, Too, Inc. in 2000 at its Limited Too retail store in Montgomery, Alabama and worked at said store until it was closed in 2004. Plaintiff Russell-Robinson returned to Tween Brands, Inc. in June 2005 when she was recruited and re-hired to manage the company's new Justice retail store in Patton Creek in Birmingham, Alabama.

17.    Plaintiff Catrina Knight was first employed by Defendant Tween Brands, Inc. on October 2, 2006, when Plaintiff Talitha Russell-Robinson hired Knight as an Assistant Store Manager at the Justice retail store located in Patton Creek.

18.    At all relevant times, Defendant Tween Brands employed in excess of fifteen (15) employees for at least twenty (20) calendar weeks per year, and was engaged in an industry affecting interstate commerce.

19.    At all relevant times, all matters regarding compensation, terms, conditions, rights and privileges of Ms. Perry's, Ms. Robinson-Russell's, and Ms. Knight's employment were governed and controlled by Defendant, Tween Brands, Inc.

20.    At all relevant times, Defendants Godwin and Lane were acting as the agents, servants, and/or employees of Defendant Tween Brands, Inc., who is therefore liable for the acts

and omissions of said Defendants pursuant to the principles of respondeat superior, ratification, and actual and/or implied agency.

21.    At all relevant times, Perry, Robinson-Russell, and Knight fully, adequately and completely performed all of the functions, duties, and responsibilities of their employment with Defendant Tween Brands, Inc.

22.    Between April 2002 and the present, Plaintiffs Perry and Knight repeatedly sought and were denied the opportunity for promotion to the position of Store Manager and Plaintiff Robinson-Russell repeatedly sought and was denied the opportunity for promotion to the position of District Manager position when the Defendant Tween Brands, Inc. or its predecessor Too, Inc. instead promoted lesser tenured and lesser qualified non-African-American individuals to the Store Manager position and District Manager positions. Plaintiffs Perry and Robinson-Russell were subjected to unsubstantiated allegations of theft of money and merchandise by Tween Brand management personnel. Plaintiffs allege that this is not an isolated incident but a company pattern and practice of systemic discrimination. Plaintiff Perry had been with the Defendant Tween Brands, Inc. or its predecessor Too, Inc. longer than any other assistant manager in the district.

## Causes of Action

## Count I – Racial Discrimination in Violation of Title VII

23.    Plaintiffs re-allege and incorporate by reference all of the preceding paragraphs of this complaint as if the same were set out fully herein.

24.    Plaintiffs have been discriminated against and treated differently than similarly situated non-African-American employees because of their race, African-American, in violation

of Title VII of the Civil Rights Act of 1964, as amended. This treatment by these Defendants has affected the terms and conditions of Plaintiffs' employment.

25.    Furthermore, said acts of discrimination have affected the Plaintiffs' right to be free of racial discrimination, including harassment. Similarly situated non-African-American individuals have not been treated in the same discriminatory manner.

26.    Defendant Tween Brands has engaged in a pattern and practice of systemic racial discrimination, particularly with regards to hiring, assignments, and promotion of African-American individuals.

27.    This intentional, willful and reckless discrimination at the hands of the Defendants constitutes a violation of Plaintiffs' statutory rights pursuant to Title VII of the Civil Rights Act of 1964, as amended.

28.    Plaintiffs have suffered embarrassment, humiliation, mental distress, emotional pain and anguish, and loss of financial opportunity as a consequence of the Defendants' racially discriminatory, demeaning, and unlawful conduct.

29.    Plaintiffs have no plain, adequate, or complete remedy at law to redress the wrongs alleged herein, and this suit is her only means of securing adequate relief. The Plaintiffs are now suffering and will continue to suffer irreparable injury from the Defendants' unlawful policies as set forth herein unless enjoined by this Court.


## Count II - 42 U.S.C. § 1981

30.    Plaintiffs re-allege and incorporate by reference all of the preceding paragraphs of this complaint as if the same were set out fully herein.

7

31.    The effect of the Defendants' discrimination as outlined above has been to deprive the Plaintiffs of the same right to make and enforce contracts as is enjoyed by similarly situated non-African-American employees in violation of 42 U.S.C. § 1981.

32.    Plaintiffs have suffered embarrassment, humiliation, mental distress, emotional pain and anguish, and loss of financial opportunity as a consequence of the Defendants' racially discriminatory, demeaning, and unlawful conduct.

33.    Defendant Tween Brands has engaged in a pattern and practice of racial discrimination, particularly against African-American individuals.

34.    Defendants have acted intentionally, willfully and with reckless disregard to Plaintiff's federally protected rights.

35.    Plaintiffs have no plain, adequate, or complete remedy at law to redress the wrongs alleged herein, and this suit is their only means of securing adequate relief. The Plaintiffs are now suffering and will continue to suffer irreparable injury from the Defendants' unlawful policies as set forth herein unless enjoined by this Court.


## Count III - Defamation

36.    Plaintiffs re-allege and incorporate by reference all of the preceding paragraphs of this complaint as if the same were set out fully herein.

37.    On or about July 25, 2007, in Montgomery County, Alabama, Defendant Carissa Godwin slandered Plaintiff Perry by publishing a false and defamatory statement of and concerning Ms. Perry when Defendant Godwin told coworkers of Ms. Perry's, that Ms. Perry was stealing money from the store's bank deposits.

38.   At the time that Defendant Godwin made the false and defamatory statement regarding Ms. Perry, Defendant Godwin was acting within the course and scope of her employment with Defendant Tween Brands, which then encouraged, promoted and ratified Defendant Godwin's wrongful conduct by causing Ms. Perry to be investigated and harassed by Tween Brands' loss prevention manager.

39.   Plaintiff Perry was damaged by said false defamatory statement in that she has suffered embarrassment, humiliation, mental distress, and emotional pain and anguish as a result.

40.   Plaintiff Perry claims punitive damages from Defendants Godwin and Tween Brands because Defendant Godwin published said statement with malice and with knowledge of its falsity or with gross and reckless disregard of its falsity.

41.   On or about May 25, 2007, Defendant Lane slandered Plaintiff Robinson-Russell by publishing a false and defamatory statement of and concerning Ms. Robinson-Russell when Defendant Lane told the State of Alabama Department of Industrial Relations Hearing Officer, as well as attorneys for Ms. Robinson-Russell, that Ms. Robinson-Russell stole merchandise from the Justice store where Ms. Robinson-Russell was employed.

42.   At the time that Defendant Lane made the false and defamatory statement regarding Ms. Robinson-Russell, Defendant Lane was acting as the official representative of Defendant Tween Brands and within the course and scope of her employment with Defendant Tween Brands, which then encouraged, promoted and ratified Defendant Lane's wrongful conduct by continuing to contest Ms. Robinson-Russell's application for and receipt of unemployment compensation benefits as a result of her termination from Defendant Tween Brands.

9

## **Prayer for Relief**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully request that this Court assume jurisdiction of this action, and after trial:

43.     Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendants are violative of the rights of the Plaintiffs as secured by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981.

44.     Grant Plaintiffs a permanent injunction enjoining the Defendants, its agents, successors, employees, attorneys and those acting in concert with the Defendants from continuing to violate Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981.

45.     Enter an Order requiring the Defendants to make the Plaintiffs whole by reinstating their employment status with Defendants, awarding them compensatory and punitive damages, and/or nominal damages, declaratory relief, and injunctive relief.

46.     The Plaintiffs further pray for such other relief as the cause of justice may require, including but not limited to, an award of costs, attorney's fees and expenses.


Respectfully submitted,


TYRONE C. MEANS (ASB-8760-S80T)
JACQUELINE C. SMOKE (ASB-1617-M71J)
CHRISTOPHER S. GENEREUX (ASB-5703-T76G)
**Attorneys for Plaintiff**


10

**OF COUNSEL:**

Tyrone C. Means, Esq.
**THOMAS, MEANS, GILLIS & SEAY, P.C.**
3121 Zelda Court
Post Office Drawer 5058
Montgomery, Alabama 36103-5058
Phone: (334) 270-1033 / Facsimile: (334) 260-9396

Jacqueline C. Smoke, Esq.
Christopher S. Genereux, Esq.
**THOMAS, MEANS, GILLIS & SEAY, P.C.**
505 20th Street North, Suite 400
Post Office Box 11365
Birmingham, Alabama 35202-1365
Phone: (205) 328-7915 / Facsimile: (205) 214-6160

```
Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602001433
Cashier ID: cstrecke
Transaction Date: 12/06/2007
Payer Name: THOMAS MEANS GILLIS AND SEAY
----------------------------------------
CIVIL FILING FEE
 For: THOMAS MEANS GILLIS AND SEAY
 Case/Party: D-ALM-2-07-CV-001067-001
 Amount:        $350.00
----------------------------------------
CHECK
 Remitter: THOMAS MEANS GILLIS
 Check/Money Order Num: 47798
 Amt Tendered:  $350.00
----------------------------------------
Total Due:        $350.00
Total Tendered:   $350.00
Change Amt:       $0.00
```

DALM207CV001067-WKW

THOMAS MEANS GILLIS AND SEAY