**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| JENNIFER PERRY, CATRINA KNIGHT, *<br>and TALITHA ROBINSON-RUSSELL *<br>*<br>Plaintiffs, *<br>*<br>v. *<br>*<br>TWEEN BRANDS, INC., JUSTICE *<br>STORES, L.L.C., CARISSA GODWIN *<br>and AMI LANE, *<br>*<br>Defendants. * | CIVIL ACTION NO.<br><br>2:07-CV-1067-WKW-SRW |

**DEFENDANTS' MEMORANDUM IN SUPPORT**
**OF THEIR MOTION FOR PARTIAL DISMISSAL**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**

**I.   INTRODUCTION**

Defendants Tween Brands, Inc., Justice Stores, L.L.C., Carissa Godwin and Ami Lane (collectively referred to herein as "Defendants") move this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for partial dismissal of the portions of Count III (Defamation) that are set forth in paragraphs 41 and 42 of the Complaint filed by Plaintiffs Jennifer Perry, Catrina Knight and Talitha Robinson-Russell (collectively referred to herein as "Plaintiffs"). Defendants further move this Court for dismissal of those portions of the Complaint that allege a "pattern and practice of systemic discrimination" as set forth in paragraphs 22 and/or 26 and 33. In the alternative, Defendants move to strike all allegations of a pattern and practice of systemic discrimination as set forth in paragraphs 22 and/or 26 and 33.

## II.   LEGAL ARGUMENT

### A.   Portions of Plaintiff's Defamation Claim Should Be Dismissed

In December, 2007 Plaintiffs filed their Complaint, asserting, among other things, claims for defamation under Alabama law. One of those defamation claims, which is asserted by Plaintiff Talitha Robinson-Russell, is based on the following allegations:

> 41.   On or about May 25, 2007, Defendant Lane slandered Plaintiff Robinson-Russell by publishing a false and defamatory statement of and concerning Ms. Robinson-Russell when Defendant Lane told the State of Alabama Department of Industrial Relations hearing officer, as well as attorneys for Ms. Robinson-Russell, that Ms. Robinson-Russell stole merchandise from the Justice store where Ms. Robinson-Russell was employed.
>
> 42.   At the time that Defendant Lane made the false and defamatory statement regarding Ms. Robinson-Russell, Defendant Lane was acting as the official representative of Defendant Tween Brands and within the course and scope of her employment with Defendant Tween Brands, which then encouraged, promoted, and ratified Defendant Lane's wrongful conduct by continuing to contest Ms. Robinson-Russell's application for and receipt of unemployment compensation benefits as a result of her termination from Defendant Tween Brands.

(Complaint ¶¶ 41-42). These allegations constitute the entire basis for Ms. Robinson-Russell's defamation claim.[1]

Rule 12(b) of the Federal Rules of Civil Procedure states that "[e]very defense . . . to a claim for relief in any pleading . . . shall be asserted in the responsive pleading . . . except that the following defenses may at the option of the pleader be made by motion: . . . (6) failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion to dismiss under Rule 12(b)(6), a court should construe a complaint in the light most favorable to

---

[1] While the Court need not make any factual determinations for purposes of deciding this motion, Defendants vehemently deny that Ms. Lane stated that Ms. Robinson-Russell "stole merchandise," as alleged in Paragraph 41 of the Complaint.

the plaintiff and assume the truth of the factual allegations.  *See Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).  Taking the facts as true, a court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).  Although a complaint need not plead "detailed factual allegations," in order to survive a motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level. . . ."; in other words, the complaint must include "enough facts to state a claim to relief that is *plausible* on its face." *Bell Atlantic Corporation v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted)(emphasis added).

As reflected in paragraphs 41 and 42 of the Complaint, quoted *supra*, it is clear that Ms. Robinson-Russell's defamation claim is solely and entirely based on statements that were purportedly made by Ms. Lane to the State of Alabama Department of Industrial Relations ("ADIR") hearing officer and attorneys for Ms. Robinson-Russell during a hearing relating to Ms. Robinson-Russell's application for, and receipt of, unemployment compensation benefits. Under Alabama law, these alleged statements are absolutely privileged and cannot properly be relied upon as a basis for a defamation claim:

> All letters, reports, communications and other matters, written or formal, from employer to employee to each other or to the director or any of his agents, representatives or employees, or to any official or board functioning under this chapter [addressing employment compensation], which shall have been written, sent, delivered or made in connection with the requirements and administration of this chapter, shall be absolutely privileged and shall not be made the subject matter or basis for any civil action for slander or libel in any court.

ALA. CODE § 25-4-116.

The United States District Court for the Middle District of Alabama has applied ALA. CODE § 25-4-116 in a similar case and in doing so, explicitly recognized the absolute nature of the privilege that it creates. *Johnson v. Federal Express Corp.*, 127 F. Supp.2d 1268, 1276-1277 (M.D. Ala. 2001). In *Johnson*, the plaintiff alleged that her employer defamed her when, in opposing her claim for unemployment compensation benefits, it communicated to the ADIR that the plaintiff was fired because she had threatened her supervisors. *See id.* Noting that the Alabama Supreme Court had declined to rule on whether the privilege set forth at ALA. CODE § 25-4-116 is qualified or absolute,[2] the court, nonetheless, dismissed the plaintiff's defamation claim, reasoning that the statute clearly indicates that the privilege is absolute. *See id.* at 1277 ("The court has no trouble finding that the statute means what it says: the privilege is absolute."). The Eleventh Circuit has similarly concluded that the privilege set forth in ALA. CODE § 25-4-116 is absolute. *See Watters v. Louisiana Pacific Corp.*,[3] 156 Fed. Appx. 177, 179 (11th Cir. 2005) ("Alabama statute provides that communications made in connection with the administration of the Department of Industrial relations are absolutely privileged and cannot form the basis for an action for slander or libel in any court.")

Here, it is clear that Ms. Robinson-Russell's defamation claim is based exclusively upon statements that were purportedly made by Ms. Lane during an unemployment compensation hearing before the ADIR. Consequently, even assuming that the factual allegations set forth in paragraphs 41 and 42 of the Complaint are accurate, the statements attributed to Ms. Lane which are described therein are clearly subject to the absolute privilege created by ALA. CODE § 25-4-116 and therefore cannot serve as the basis for a defamation claim. *See Johnson*, 147 F. Supp.2d

---

[2] See Cantrell v. North River Homes, Inc., 628 So.2d 551, 554 (Ala. 1993) (citing Cole v. Cooper, 437 So.2d 1257, 1258 (Ala. 1983)).
[3] For the Court's convenience, a copy of this unpublished decision is attached as Exhibit A.

at 1276-1277; *see also, Watters*, 156 Fed. Appx. at 179 (affirming summary judgment for employer on plaintiffs' defamation claims and reasoning that the plaintiffs "cannot rely on statements made at their unemployment compensation hearings, as those are privileged by virtue of ALA. CODE § 25-4-116.")

For the foregoing reasons, Ms. Robinson-Russell's defamation claim should be dismissed in its entirety pursuant to Fed. R. Civ. P. 12(b)(6).

### B.  Plaintiffs' "Pattern and Practice" Allegations Should Be Dismissed

To survive a motion to dismiss, a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action;" instead, as discussed *supra*, the complaint must allege sufficient facts to support a "plausible"—and not merely "conceivable"— claim for relief. *Bell Atlantic Corporation v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (citations omitted).  This pleading standard, as articulated by the Supreme Court in *Twombly*, has been applied by courts within the Eleventh Circuit in employment discrimination cases, many of which have granted motions to dismiss where the complaint did not state a claim for relief that was "plausible" on its face.  *See Streeter v. City of Pensacola*, 2007 U.S. Dist. LEXIS 92603, 21-28 (N.D. Fla. 2007) (applying *Twombly* standard and dismissing claims of promotion discrimination pursuant to Title VII, FCRA, and § 1981); *Pearson's Pharm., Inc. v. Express Scripts, Inc.,* 505 F. Supp. 2d 1272, 1275 (M.D. Ala. 2007) (applying the *Twombly* standard and granting defendant's motion to dismiss).

In their Complaint, Plaintiffs merely make conclusory assertions of an alleged "pattern and practice" of discrimination:

> Between April 2002 and the present, Plaintiffs Perry and Knight repeatedly sought and were denied the opportunity for promotion to the position of Store Manager and Plaintiff Robinson-Russell repeatedly sought and was denied the opportunity for promotion to

>  the position of District Manager position when the Defendant Tween Brands, Inc. or its predecessor Too, Inc. instead promoted lesser tenured and lesser qualified non-African-American individuals to the Store Manager position and District Manager positions. Plaintiffs Perry and Robinson-Russell were subjected to unsubstantiated allegations of theft of money and merchandise by Tween Brand management personnel. *Plaintiffs allege that this is not an isolated incident but a company pattern and practice of systemic discrimination.*

(Complaint ¶ 22) (emphasis added). These conclusory statements do not reasonably allege a "plausible" factual basis for the pattern and practice claim for which Plaintiffs may be entitled to relief as required by Fed. R. Civ. P. 8(a)(2).

Additionally, Paragraphs 26 and 33 of Plaintiffs' Complaint are even more bereft of plausible factual predicates for the pattern and practice based discrimination claims made therein:

> 26. Defendant Tween Brands has engaged in a pattern and practice of systemic racial discrimination, particularly with regards to hiring, assignments, and promotion of African-American individuals.
>
> 33. Defendant Tween Brands has engaged in a pattern and practice of racial discrimination, particularly against African-American individuals.

(Complaint ¶¶ 26, 33). Without more, such conculsory allegations cannot survive a motion to dismiss.

Furthermore, it is well settled that "pattern and practice cases are limited to actions brought by the Government or claims brought as class actions." *NAACP, et al., v. Florida Dep't. of Corr., et al.,* 2002 U.S. LEXIS 27841 *12 (M.D. Fla. 2002). In *Babrocky v. Jewel Food Co, & Retail Meatcutters*, the Seventh Circuit found that a group of individual plaintiffs' use of "pattern-or-practice" language in their complaint was misplaced because the plaintiffs brought the complaint in a non-class action context. 773 F.2d 857, 866-67, n.6 (7th Cir. 1985).

Likewise, in the present case, which is brought by three individual plaintiffs, not the government nor a class, the Plaintiffs' use of "pattern and practice" language in Paragraphs 22, 26, and 33 is misplaced.

For the foregoing reasons, those portions of the Complaint that allege pattern and practice should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). In the alternative, those portions of the Complaint should be stricken.

## II.   CONCLUSION

Defendants respectfully request that the Court dismiss Plaintiff Talitha-Robinson-Russell's defamation claim set forth in Count III of the Complaint in paragraphs 41 and 42. Defendants further respectfully request that the Court dismiss those portions of the Complaint that assert a "pattern and practice" of alleged systemic discrimination as set forth in paragraphs 22, 26, and 33. In the alternative, Defendants respectfully request that the Court strike all allegations of a pattern and practice of systemic discrimination as set forth in paragraphs 22, 26, and 33, and grant Defendants such other and further relief as the Court deems just and proper.

Respectfully submitted this 3rd day of January 2008.

s/ R. Bradley Adams
**R. Bradley Adams**
Alabama Bar No. ASB 8742-E67A
Email: radams@littler.com
LITTLER MENDELSON. P.C.
63 South Royal Street, Suite 709
Mobile, AL 36602
Phone:  251-432-0413
Fax:  251-432-0427

**Grady B. Murdock, Esq.**
Illinois Bar No. 1992236
Littler Mendelson, PC
200 North LaSalle Street, Suite 2900
Chicago, IL 60601-1014
Phone: 312-795-3233
Fax: 312-372-7880
Email: gmurdock@littler.com

**Terese Connolly, Esq.**
Illinois Bar No. 6282685
Littler Mendelson, PC
200 North LaSalle Street, Suite 2900
Chicago, IL 60601-1014
Phone: 312-795-3233
Fax: 312-372-7880
Email: tconnolly@littler.com

**Latesa Bailey, Esq.**
Georgia Bar No. 107705
Littler Mendelson, PC
3348 Peachtree Road, N.E., Suite 1100
Atlanta, GA 30326-1008
Phone: 404-760-3942
Fax: 404-233-2361
Email: lbailey@littler.com

**ATTORNEYS FOR DEFENDANTS**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| JENNIFER PERRY, CATRINA KNIGHT, and TALITHA ROBINSON-RUSSELL | * * * | |
| Plaintiffs, | * * | CIVIL ACTION NO. |
| v. | * * | 2:07-CV-1067-WKW-SRW |
| TWEEN BRANDS, INC., JUSTICE STORES, L.L.C., CARISSA GODWIN and AMI LANE, | * * * * | |
| Defendants. | * | |

## CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2008, I electronically filed the foregoing Motion for Partial Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(6) with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorneys of record for Plaintiffs: **Christopher Stephen Genereux, Esq.** (csgenereux@tmgslaw.com), **Jacqueline C. Smoke, Esq.** (jcsmoke@tmgpc.com), and **Tyrone Carlton Means, Esq.** (tcmeans@tmgpc.com), Attorneys for Plaintiff.

s/R. Bradley Adams
R. BRADLEY ADAMS     (ASB 8742-E67A)
**Attorney for Defendants**
Littler Mendelson, P.C.
63 South Royal Street, Suite 900
Mobile, Alabama 36602
Telephone:  251-432-4540
Fax:  251-432-0427
Email:  radams@littler.com

# EXHIBIT A

Westlaw.

156 Fed.Appx. 177

Page 1

156 Fed.Appx. 177
(Cite as: 156 Fed.Appx. 177)

**H**
This case was not selected for publication in the Federal Reporter.

Please use FIND to look at the applicable circuit court rule before citing this opinion. Eleventh Circuit Rule 36-2. (FIND CTA11 Rule 36-2.)

United States Court of Appeals,
Eleventh Circuit.
Lula P. WATTERS, Mia G. Falls,
Plaintiffs-Appellants,
v.
LOUISIANA PACIFIC CORPORATION,
Defendant-Appellee.
No. 05-14033
Non-Argument Calendar.
D.C. Docket No. 04-00536-CV-CG-M.

Nov. 28, 2005.

**Background:** Former employees sued former employer for defamation. The United States District Court for the Southern District of Alabama, 2005 WL 1588676, granted summary judgment for former employer. Former employees appealed.

**Holdings:** The Court of Appeals held that:
(1) communications made by former employer's human resources official to other employees in the course of investigating former employees' alleged falsification of their time cards did not satisfy third-party publication requirement under Alabama law, and
(2) statements made by former employer's representatives at former employees' unemployment compensation hearings did not satisfy third-party publication element of former employees' defamation claims.
Affirmed.

West Headnotes

[1] Libel and Slander 23.1
237k23.1 Most Cited Cases
Under Alabama law, communications made by employer's human resources official to other employees in the course of investigating two employees' alleged falsification of their time cards did not constitute requisite publication of such statements to third party for purposes of defamation claims asserted by investigated employees.

[2] Libel and Slander 36
237k36 Most Cited Cases
Statements made by former employer's representatives at former employees' unemployment compensation hearings respecting investigation of former employees' alleged falsification of their time cards and circumstances surrounding former employees' terminations were privileged under Alabama statute according absolute privilege to communications made in connection with administration of Department of Industrial Relations, and thus did not satisfy third-party publication element of former employees' defamation claims. Ala.Code 1975, § 25-4-116.
*178 William D. Davis, III, Davis and Associates, P.C., Birmingham, AL, for Plaintiffs-Appellants.

Charles A. Stewart, III, Angela R. Rogers, Bradley, Arant, Rose & White, LLP, Montgomery, AL, for Defendant-Appellee.

Appeal from the United States District Court for the Southern District of Alabama.

Before DUBINA, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Lula P. Watters and Mia G. Falls (the "Appellants") appeal the district court's grant of summary judgment to Louisiana Pacific Corporation ("LP") on their state-law defamation

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

156 Fed.Appx. 177                                                                                                    Page 2

156 Fed.Appx. 177

**(Cite as: 156 Fed.Appx. 177)**

claims. Those claims arose when the appellants, former employees of LP, were terminated for allegedly falsifying their time cards. The appellants claim that company agents made defamatory statements to that effect.

Ultimately, the district court reasoned that the appellants could not establish the necessary elements of a defamation claim under Alabama law, as the statements at issue were never published to a third party except under circumstances that were privileged. In the alternative, the district court held that the statements were true. Because the record is devoid of evidence that the statements were published to a third party, we affirm.

BACKGROUND

Prior to their termination, appellants were hourly employees of LP. After an investigation in which she discussed the appellants with other LP employees, Caroyln Sarblah ("Sarblah"), a human resources official, determined that they had falsified their time cards. [FN1] Appellants were then terminated, and filed for unemployment compensation benefits with the Alabama Department of Industrial Relations. During administrative hearings held to determine the appellants' entitlement to such benefits, Sarblah and other LP representatives explained the course of the investigation and the circumstances surrounding the appellants' termination.

> FN1. Appellees maintain that any discrepancies in their time cards resulted from the malfunctioning of the time-keeping equipment and tampering with their time cards.

Aside from the testimony at this hearing and the statements made to other LP agents in the course of the investigation, the appellants both concede that they know of no statements made to non-employees concerning the circumstances of *179 their termination. The record is otherwise devoid of evidence of such communications.

STANDARD OF REVIEW

We review a district court's summary judgment ruling de novo, applying the same legal standards as the district court. *Cuvillier v. Rockdale County,* 390 F.3d 1336, 1337 (11th Cir.2004). All the evidence and reasonable inferences therefrom must be viewed in the light most favorable to the appellants, who oppose summary judgment. *Id.* Summary judgment is then properly granted where the non-moving party is unable to establish the existence of each essential element of their case on which they bear the burden of proof at trial. See *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

DISCUSSION

Under Alabama law, to establish a prima facie case of defamation, the plaintiff must show: (i) that the defendant was at least negligent; (ii) in publishing; (iii) a false and defamatory statement to another; (iv) concerning the plaintiff; (v) which is either actionable without having to prove special harm or actionable upon allegations and proof of special harm. *Gary v. Crouch,* 867 So.2d 310, 315 (Ala.2003). While the publication element is generally satisfied where the defamatory matter was communicated to someone other than the plaintiff, *id.,* communications among employees in the course of transacting the company's business and in the scope of the employee's duties do not constitute a publication. *Schrimsher v. Liberty Nat'l Life Ins. Co.,* 655 So.2d 986, 988 (Ala.1995), citing *Cantrell v. North River Homes, Inc.,* 628 So.2d 551, 553 (Ala.1993). Thus, communications made to employees in the course of investigating the plaintiff's employment behavior do not constitute third-party publication for defamation purposes. *Burks v. Pickwick Hotel,* 607 So.2d 187, 190 (Ala.1992). Similarly, Alabama statute provides that communications made in connection with the administration of the Department of Industrial relations are absolutely privileged and cannot form the basis for an action for slander or libel in any court. Ala.Code. § 25- 4-116 (2005); *see also, Dixon v. Economy Co.,* 477 So.2d 353, 354 (Ala.1985).

[1][2] Under these standards, the district court was clearly correct in granting summary judgment based on the lack of any evidence of publication to a third

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

156 Fed.Appx. 177 Page 3

156 Fed.Appx. 177

**(Cite as: 156 Fed.Appx. 177)**

party. While appellants point to communications that Sarblah made to other LP employees in the course of her investigation, the Alabama Supreme Court has held that such statements do not constitute publication. *See Pickwick Hotel,* 607 So.2d at 190. Likewise, appellants cannot rely on statements made at their unemployment compensation hearings, as those are privileged by virtue of § 25-4-116. Accordingly, LP was entitled to summary judgment because appellees failed to make a sufficient showing that the allegedly defamatory information was published to a third party, a necessary element of their case on which they bore the burden of proof. *See Celotex,* 477 U.S. at 324-25, 106 S.Ct. 2548. [FN2]

> FN2. Because we affirm the district court based on the lack of record evidence of publication, we need not reach the district court's alternative holding that the allegedly defamatory statements were true.

AFFIRMED.

156 Fed.Appx. 177

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.