**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| JENNIFER PERRY, CATRINA KNIGHT, | * | |
| and TALITHA ROBINSON-RUSSELL | * | |
| | * | |
| Plaintiffs, | * | |
| | * | CIVIL ACTION NO. |
| v. | * | |
| | * | 2:07-CV-1067-WKW-SRW |
| TWEEN BRANDS, INC., JUSTICE | * | |
| STORES, L.L.C., CARISSA GODWIN | * | |
| and AMI LANE, | * | |
| | * | |
| Defendants. | * | |

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants Tween Brands, Inc., Justice Stores, L.L.C., Carissa Godwin and Ami Lane, by and through their attorneys, answer and assert their affirmative defenses to Plaintiff's Complaint as follows:

### ANSWER

Defendants answer the specific allegations of the Complaint as follows, and to the extent that any allegations are not answered below, Defendants deny such allegations.

### Preliminary Statement

This action is brought to redress a continuous pattern and practice of employment discrimination based on race pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981. This action is also brought to redress defamation against the Plaintiffs pursuant to the common law of Alabama.

**RESPONSE:** Defendants admit that Plaintiffs purport to bring this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and 42

U.S.C. § 1981 ("Section 1981") and pursuant to the common law of Alabama. Defendants deny the remaining allegations in Plaintiff's Preliminary Statement. Defendants specifically deny that they engaged in any unlawful conduct under Title VII or Section 1981 or defamed Plaintiffs under the common law of Alabama.

## Parties

1.      Plaintiff, Jennifer Perry ("Perry"), an African-American female, is over the age of 19 years old and a citizen of the United States who resides in Montgomery County, Alabama. At all relevant times, Ms. Perry was an employee of Limited Too, Tween Brands, Inc., and/or its predecessor, Too, Inc., within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and applicable case law.

**RESPONSE:** Defendants admit that Plaintiff, Jennifer Perry, is an African-American female, is over the age of 19 years old and is a citizen of the United States. Upon information and belief, Defendants further admit that Ms. Perry resides in Montgomery County, Alabama. Defendants also admit that from approximately November 2000 until August 10, 2007, Ms. Perry was an employee of Tween Brands, Inc. (formerly Too, Inc.). The remaining allegations in Paragraph 1 constitute legal conclusions and, therefore, require no response from Defendants. To the extent that a response is required, however, Defendants deny the remaining allegations in Paragraph 1.

2.      Plaintiff, Talitha Robinson-Russell ("Robinson-Russell"), an African-American female, is over the age of 19 years old and a citizen of the United States who resides in Jefferson County, Alabama. At all relevant times, Mr. Robinson-Russell was an employee of Justice, Tween Brands, Inc., and/or its predecessor, Too, Inc., within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and applicable case law.

**RESPONSE:** Defendants admit that Plaintiff, Talitha Robinson-Russell, is an African-American female, is over the age of 19 years old and is a citizen of the United States. Upon information and belief, Defendants further admit that Ms. Robinson-Russell resides in Jefferson County, Alabama. Defendants aver that between approximately April 6, 2000 until March 5, 2007, Ms. Robinson-Russell was, at certain times, an employee of Justice Stores, L.L.C. The remaining allegations in Paragraph 2 constitute legal conclusions and, therefore, require no response from Defendants. To the extent that a response is required, however, Defendants deny the remaining allegations in Paragraph 2.

3.      Plaintiff, Catrina Knight ("Knight"), an African-American female, is over the age of 19 years old and a citizen of the United States, who resides in Jefferson County, Alabama. At all relevant times, Ms. Knight was an employee of Justice, Tween Brands, Inc., and/or its predecessor, Too, Inc., within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and applicable case law.

**RESPONSE:** Defendants admit that Plaintiff, Catrina Knight, is an African-American female, is over the age of 19 years old and is a citizen of the United States. Defendants are without knowledge or information sufficient to form a belief as to Ms. Knight's residency and, therefore, deny that allegation. Defendants aver that between approximately September 2006 until April 2, 2007, Ms. Knight was an employee of Justice Stores, L.L.C. The remaining allegations is Paragraph 1 constitute legal conclusions and, therefore, require no response from Defendants. To the extent that a response is required, however, Defendants deny the remaining allegations in Paragraph 3.

4.      Defendant, Tween Brands, Inc., ("Tween Brands"), is a Delaware corporation with its principal place of business in New Albany, Ohio.  Until the company changed its name to Tween Brands, Inc. in July 2006, it was known as Too, Inc.  It does business in Alabama under the names of the "Limited Too" and "Justice" retail stores including stores located in Montgomery, Alabama and Jefferson County, Alabama.  At the end of its fiscal year in 2006, Limited Too operated 772 stores in 46 states including Puerto Rico.  Justice operated 159 stores throughout the United States at the end of their 2006 fiscal year.  Tween's registered agent for service of process in Alabama is The Corporation Company, 2000 Interstate Park Drive, Suite 204, Montgomery, Alabama 36109.

**RESPONSE:** Defendants deny that at the end of Tween Brands, Inc.'s fiscal year in 2006, Limited Too operated 772 stores in 46 states including Puerto Rico.  Defendants aver that at the end of the 2006 fiscal year, there existed 563 Limited Too stores in 46 states including Puerto Rico (and 159 Justice stores in the United States).  Defendants admit the remaining allegations in Paragraph 4.

5.      Based on information and belief, Defendant, Justice Stores, L.L.C. (herein "Justice") has its principal place of business at 8323 Walton Parkway, New Albany, OH 43054.  Justice is a wholly owned subsidiary of Tween Brands.  Justice operates retail stores throughout the United States including the stores in Jefferson County, Alabama.

**RESPONSE:** Defendants admit the allegations in Paragraph 5.

6.      Based on information and belief, Defendant, Carissa Godwin ("Godwin") is an adult resident of Shelby County, Alabama and a management employment of Limited Too and Tween Brands, Inc.  She resides at 135 Park Lake Trace, Helena, Alabama 35080.  She was at all

relevant times the District Manager of Tween Brands, Inc. with responsibility for several Limited Too stores including those located in Montgomery, Alabama where Plaintiff Perry was employed.

**RESPONSE:** Defendants admit that Carissa Godwin is an adult resident of Shelby County, Alabama and an employee of Tween Brands, Inc. which does business as Limited Too. Defendants also admit that from approximately October 3, 2005 through the present, Ms. Godwin has served as a District Sales Leader for Limited Too and during that period of time, her assigned territory has included, among other stores, Store No. 155 located in Montgomery, Alabama where Ms. Perry was employed. Defendants deny the remaining allegations in Paragraph 6. Defendants aver that Ms. Godwin resides in Hoover, Alabama.

7. Based on information and belief, Defendant, Ami Lane ("Lane") is over the age of 19 years old and a resident of Jefferson County, Alabama. She was at much of the relevant time herein, including the time that Plaintiff Robinson-Russell was terminated, the District Manager with responsibility for several Justice Stores, including stores in the Patton Creek, which is located in Jefferson County, Alabama.

**RESPONSE:** Defendants admit that Ami Lane is over the age of 19 years old and a resident of Jefferson County, Alabama. Defendants further admit that from January 7, 2007 through the present, including the time when Ms. Robinson-Russell was terminated, Ms. Lane has served as a District Sales Leader for Justice and during that period of time, Ms. Lane's territory has included, among other Justice Stores, Justice Store No. 698, which is located in Patton Creek in Jefferson County, Alabama. Defendants deny the remaining allegations in Paragraph 7.

8.     At all relevant times, Plaintiffs were employed with Tween Brands, Inc. and its predecessor Too, Inc., in its "Limited Too" stores in Montgomery County, Alabama and its Justice Stores in Jefferson County, Alabama.

**RESPONSE:** Defendants admit that, at certain times, Ms. Perry worked at Tween Brands, Inc.'s Limited Too Store No. 155 in Montgomery, Alabama and that Ms. Knight and Ms. Robinson-Russell worked at Justice Store No. 698 in Jefferson County, Alabama. Defendants deny the remaining allegations in Paragraph 8.

### Jurisdiction and Venue

9.     This civil action is instituted and authorized pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., 42 U.S.C. § 1981 and the Common Law of the State of Alabama.

**RESPONSE:** Defendants admit that Plaintiffs purport to bring this action under Title VII and Section 1981 and pursuant to the common law of Alabama.  Defendants deny the remaining allegations in Paragraph 9.  Defendants specifically deny that they engaged in any unlawful conduct under Title VII or Section 1981 or defamed Plaintiffs under the common law of Alabama.

10.     This Court has jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1331 and 1343 to redress the unlawful deprivation of Plaintiffs' civil rights secured, guaranteed and protected by Federal law.  This Court may also exercise pendant jurisdiction over Plaintiffs' state law claims arising under the common law and statutes of the State of Alabama, which arise from a common nucleus of operative facts pursuant to 28 U.S.C. § 1367.

**RESPONSE:** Defendants admit that this Court has jurisdiction over this civil action. The remaining allegations in Paragraph 10 constitute legal conclusions and, therefore, require no response from Defendants. To the extent that a response is required, however, Defendants deny the remaining allegations in Paragraph 10 and specifically deny that they have violated federal or state law.

11. Venue is proper in the United States District Court for the Middle District of Alabama pursuant to 28 U.S.C. § 1391(b), where one Plaintiff resides, where Defendant Tween Brands, Inc. regularly conducts business, and where a substantial part of the conduct giving rise to these claims occurred.

**RESPONSE:** Defendants admit that venue is proper in the United States District Court for the Middle District of Alabama. Defendants further admit that, upon information and belief, one of the Plaintiffs in this action resides in the Middle District of Alabama. Defendants also admit that Tween Brands, Inc. conducts business in the Middle District of Alabama and that some of the alleged conduct, which is the subject of the Complaint, purportedly occurred in the Middle District of Alabama. The remaining allegations in Paragraph 11 constitute legal conclusions and, therefore, require no response from Defendants. To the extent that a response is required, however, Defendants deny the allegations in Paragraph 11.

**<u>Administrative Prerequisites</u>**

12.    Plaintiffs re-allege and incorporate by reference all of the preceding paragraphs of this complaint as if the same were set out fully herein.

**RESPONSE:** Defendants reassert and incorporate by reference all of their preceding responses to the preceding paragraphs of the Complaint as if fully set forth herein.

13.    Ms. Perry complied with all of the administrative prerequisites to action under Section 706 of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e as follows:

A.    On or about October 17, 2006, Ms. Perry timely filed a formal charge of discrimination with the Equal Employment Opportunity Commission (hereinafter referred to as "EEOC");

B.    Ms. Perry promptly and diligently accommodated all EEOC requests for information and fully cooperated in the EEOC's investigation of this matter;

C.    Ms. Perry has exhausted all available administrative remedies prior to the instituting this civil action, and received her Notice of Suit Rights from the EEOC on September 7, 2007.

**RESPONSE:** The allegations in Paragraph 13 constitute legal conclusions and, therefore, require no response from Defendants.  To the extent that a response is required, however, Defendants deny the allegations in Paragraph 13 and respond to the sub-parts of Paragraph 13 as follows:

A.    Defendants admit that, upon information and belief, Ms. Perry filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on approximately October 17, 2006.  Plaintiffs' allegation regarding the timeliness of her charge constitutes a legal conclusion and, therefore, requires no response from Defendants.  To the extent that a response is required, Defendants deny this allegation.

B.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13.B. and, therefore, deny those allegations.

C.    Defendants admit that the EEOC issued a Notice of Suit Rights dated September 7, 2007 in connection with Ms. Perry's Charge of Discrimination.  The remaining allegations in paragraph 13.C. constitute legal conclusions and, therefore, require no response from Defendants.  To the extent that a response is required, Defendants deny this allegation.

## **Factual Allegations**

14.     Plaintiffs re-allege and incorporate by reference all of the preceding paragraphs of this complaint as if the same were set out fully herein.

**RESPONSE:** Defendants reassert and incorporate by reference all of their preceding responses to the preceding paragraphs of the Complaint as if fully set forth herein.

15.     Plaintiff Jennifer Perry was first employed by Defendant, Tween Brands, Inc.'s predecessor, Too, Inc., in November 2000 as a Brand Representative at its Limited Too store in Montgomery County, Alabama, and was promoted to Assistant Manager in April, 2002.

**RESPONSE:** Defendants deny that Ms. Perry was promoted to the position of Assistant Manager and aver that Ms. Perry was instead promoted to the position of Assistant Store Leader. Defendants admit the remaining allegations in Paragraph 15.

16.     Plaintiff Talitha Robinson-Russell was first employed by Defendant Tween Brands, Inc.'s predecessor, Too, Inc. in 2000 at its Limited Too retail store in Montgomery, Alabama and worked at said store until it was closed in 2004.  Plaintiff Robinson-Russell returned to Tween Brands, Inc. in June 2005 when she was recruited and re-hired to manage the company's new Justice retail store in Patton Creek in Birmingham, Alabama.

**RESPONSE:** Defendants admit that Ms. Robinson-Russell, was initially employed  by Tween Brand's predecessor, Too, Inc., in 2000 at one of its Limited Too stores in Montgomery, Alabama.  Defendants deny that Ms. Robinson-Russell worked exclusively at that store until 2004 but admit that she was working at that store at the time that it was closed in 2004. Defendants further admit that Ms. Robinson-Russell was hired in June 2005 to work as the Store

Sales Leader for the Justice "Patton Creek" Store in Birmingham, Alabama.    Defendants deny the remaining allegations in Paragraph 16.

17.    Plaintiff Catrina Knight was first employed by Defendant Tween Brands, Inc. on October 2, 2006, when Plaintiff Talitha Robinson-Russell hired Knight as an Assistant Store Manager at the Justice retail store located in Patton Creek.

**RESPONSE:** Defendants admit that Ms. Knight was an Assistant Store Leader at the Justice Store located in Patton Creek but deny that Ms. Knight was hired on October 2, 2006. Defendants admit that Ms. Robinson-Russell was involved in the decision to hire Ms. Knight. Defendants deny the remaining allegations in Paragraph 17.

18.    At all relevant times, Defendant Tween Brands employed in excess of fifteen (15) employees for at least twenty (20) calendar weeks per year, and was engaged in an industry affecting interstate commerce.

**RESPONSE:** Defendants admit that during the period of Plaintiffs' employment, Tween Brands, Inc. employed in excess of fifteen (15) employees for at least twenty (20) calendar weeks per year and was engaged in an industry affecting interstate commerce. Defendants deny the remaining allegations in Paragraph 18.

19.    At all relevant times, all matters regarding compensation, terms, conditions, rights and privileges of Ms. Perry's, Ms. Robinson-Russell's, and Ms. Knight's employment were governed and controlled by Defendant, Tween Brands, Inc.

**RESPONSE:** Defendants admit that Tween Brands, Inc. employed Ms. Perry, Ms. Robinson-Russell and Ms. Knight at certain times and compensated Ms. Perry, Ms. Robinson-

Russell and Ms. Knight in connection with their employment. Defendants deny the remaining allegations in Paragraph 19.

20.     At all relevant times, Defendants Godwin and Lane were acting as the agents, servants, and/or employees of Defendant Tween Brands, Inc., who is therefore liable for the acts and omissions of said Defendants pursuant to the principles of respondeat superior, ratification, and actual and/or implied agency.

**RESPONSE:** Defendants admit that that Ms. Godwin and Ms. Lane are employees of Tween Brands, Inc. The remaining allegations in Paragraph 20 constitute legal conclusions and, therefore, require no response from Defendants. To the extent, however, that a response may be required, Defendants deny the remaining allegations in Paragraph 20.

21.     At all relevant times, Perry, Robinson-Russell, and Knight fully, adequately and completely performed all of the functions, duties, and responsibilities of their employment with Defendant Tween Brands, Inc.

**RESPONSE:** Defendants deny the allegations in Paragraph 21.

22.     Between April 2002 and the present, Plaintiffs Perry and Knight repeatedly sought and were denied the opportunity for promotion to the position of Store Manager and Plaintiff Robinson-Russell repeatedly sought and was denied the opportunity for promotion to the position of District Manager position when the Defendant Tween Brands, Inc. or its predecessor Too, Inc. instead promoted lesser tenured and lesser qualified non-African-American individuals to the Store Manager position and District Manager positions. Plaintiffs Perry and Robinson-Russell were subjected to unsubstantiated allegations of theft of money and

merchandise b Tween Brand management personnel. Plaintiffs allege that this is not an isolated incident but a company pattern and practice of systemic discrimination. Plaintiff Perry had been with the Defendant Tween Brands, Inc. or its predecessor Too, Inc. longer than any other assistant manager in the district.

**RESPONSE:** To the extent that Paragraph 22 alleges a "pattern and practice of systemic discrimination," such allegation is subject to Defendants' Motion for Partial Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6), filed on January 3, 2008; and, to that extent, Defendants do not respond to such allegation. To the extent that such allegation is not subject to such Motion, Defendants deny such allegation. Defendants deny the each and every remaining allegation in Paragraph 22 up to the last sentence thereof. Inasmuch as the last sentence of Paragraph 22 is ambiguous as to time frame, Defendants presently lack knowledge or information sufficient to form a belief as to the truth of that allegation.

## Causes of Action

### Count I - Racial Discrimination in Violation of Title VII

23.    Plaintiffs re-allege and incorporate by reference all of the preceding paragraph of this complaint as if the same were set out fully herein.

**RESPONSE:** Defendants reassert and incorporate by reference all of their preceding responses to the Complaint as if fully set forth herein.

24.    Plaintiffs have been discriminated against and treated differently than similarly situated non-African-American employees because of their race, African-American, in violation of Title VII of the Civil Rights Act of 1964, as amended. This treatment by these Defendants has affected the terms and conditions of Plaintiffs' employment.

**RESPONSE:** Defendants deny the allegations of Paragraph 24.

25.    Furthermore, said acts of discrimination have affected the Plaintiffs' right to be free of racial discrimination, including harassment.  Similarly situated non-African-American individuals have not been treated in the same discriminatory manner.

**RESPONSE:** Defendants deny the allegations in Paragraph 25.

26.    Defendant Tween Brands has engaged in a pattern and practice of systemic racial discrimination, particularly with regards to hiring, assignments, and promotion of African-American individuals.

**RESPONSE:** Paragraph 26 of the Complaint is subject to Defendants' Motion for Partial Dismissal Pursuant to Fed. R. Civ. P. 12 (b)(6) filed on January 3, 2008; and, to that extent, Defendants do not respond to such allegation.  To the extent that such allegation is not subject to such Motion, Defendants deny each and every remaining  allegation in Paragraph 26.

27.    This intentional, willful and reckless discrimination at the hands of the Defendants constitutes a violation of Plaintiffs' statutory rights pursuant to Title VII of the Civil Rights Act of 1964, as amended.

**RESPONSE:** Defendants deny the allegations in Paragraph 27.

28.    Plaintiffs have suffered embarrassment, humiliation, mental distress, emotional pain and anguish, and loss of financial opportunity as a consequence of the Defendants' racially discriminatory, demeaning, and unlawful conduct.

**RESPONSE:** Defendants deny the allegations in Paragraph 28.

29.     Plaintiffs have no plain, adequate, or complete remedy at law to redress the wrongs alleged herein, and this suit is her only means of securing adequate relief.  The Plaintiffs are now suffering and will continue to suffer irreparable injury from the Defendants' unlawful policies as set forth herein unless enjoined by this Court.

**RESPONSE:** Defendants deny the allegations in Paragraph 29.

## Count II - 42 U.S.C. § 1981

30.     Plaintiffs re-allege and incorporate by reference all of the preceding paragraphs of this complaint as if the same were set out fully herein.

**RESPONSE:** Defendants reassert and incorporate by reference all of their preceding responses to the preceding paragraphs of the Complaint as if fully set forth herein.

31.     The effect of the Defendants' discrimination as outlined above has been to deprive the Plaintiffs of the same right to make and enforce contracts as is enjoyed by similarly situated non-African-American employees in violation of 42 U.S.C. § 1981.

**RESPONSE:** Defendants deny the allegations in Paragraph 31.

32.     Plaintiffs have suffered embarrassment, humiliation, mental distress, emotional pain and anguish, and loss of financial opportunity as a consequence of the Defendants' racially discriminatory, demeaning, and unlawful conduct.

**RESPONSE:** Defendants deny the allegations in Paragraph 32.

33.     Defendant Tween Brands has engaged in a pattern and practice of racial discrimination, particularly against African-American individuals.

**RESPONSE:** Paragraph 33 of the Complaint is subject to Defendants' Motion for Partial Dismissal Pursuant to Fed. R. Civ. P 12 (b)(6) filed on January 3, 2008 ; and, to the extent that the allegations of Paragraph 33 are subject to such Motion, Defendants make no response to such allegation.  To the extent that Paragraph 33 is not subject to such Motion Defendants deny each and every remaining allegation contained  in Paragraph 33.

34.    Defendants have acted intentionally, willfully and with reckless disregard to Plaintiff's federally protected rights.

**RESPONSE:** Defendants deny the allegations in Paragraph 34.

35.    Plaintiffs have no plain, adequate, or complete remedy at law to redress the wrongs alleged herein, and this suit is their only means of securing adequate relief.  The Plaintiffs are now suffering and will continue to suffer irreparable injury from the Defendants' unlawful policies as set forth herein unless enjoined by this Court.

**RESPONSE:** Defendants deny the allegations in Paragraph 35.

## Count III - Defamation

36.    Plaintiffs re-allege and incorporate by reference all of the preceding paragraphs of this complaint as if the same were set out fully herein.

**RESPONSE:** Defendants reassert and incorporate by reference all of their preceding responses to the Complaint as if fully set forth herein.

37.    On or about July 25, 2007, in Montgomery County, Alabama, Defendant Carissa Godwin slandered Plaintiff Perry by publishing a false and defamatory statement of and concerning Ms. Perry when Defendant Godwin told coworkers of Ms. Perry's, that Ms. Perry was stealing money from the store's bank deposits.

**RESPONSE:** Defendants deny the allegations in Paragraph 37.

38.    At the time that Defendant Godwin made the false and defamatory statement regarding Ms. Perry, Defendant Godwin was acting within the course and scope of her employment with Defendant Tween Brands, which then encouraged, promoted and ratified Defendant Godwin's wrongful conduct by causing Ms. Perry to be investigated and harassed by Tween Brands' loss prevention manager.

**RESPONSE:** Defendants deny the allegations in Paragraph 38.

39.    Plaintiff Perry was damaged by said false defamatory statement in that she has suffered embarrassment, humiliation, mental distress, and emotional pain and anguish as a result.

**RESPONSE:** Defendants deny the allegations in Paragraph 39.

40.    Plaintiff Perry claims punitive damages from Defendants Godwin and Tween Brands because Defendant Godwin published said statement with malice and with knowledge of its falsity or with gross and reckless disregard of its falsity.

**RESPONSE:** Defendants admit that Ms. Perry purports to be seeking punitive damages from Ms. Godwin and Tween Brands, Inc.  Defendants deny the remaining allegations in Paragraph 40.

41.    On or about May 25, 2007, Defendant Lane slandered Plaintiff Robinson-Russell by publishing a false and defamatory statement of and concerning Ms.  Robinson-Russell when Defendant Lane told the State of Alabama Department of Industrial Relations Hearing Officer, as well as attorneys for Ms. Robinson-Russell that Ms. Robinson-Russell stole merchandise from the Justice store where Ms. Robinson-Russell was employed.

**RESPONSE:** Ms. Robinson-Russell's claim for defamation, which is based on the allegations in Paragraph 41 of the Complaint, is subject to Defendants' Motion for Partial Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6), which was filed on January 3, 2008.  Therefore, a response/answer to Paragraph 41 is not required at this time.

42.    At the time that Defendant Lane made the false and defamatory statement regarding Ms. Robinson-Russell, Defendant Lane was acting as the official representative of Defendant Tween Brands and within the course and scope of her employment with Defendant Tween Brands, which then encouraged, promoted and ratified Defendant Lane's wrongful conduct by continuing to contest Ms. Robinson-Russell's application for and receipt of unemployment benefits as a result of her termination from Defendant Tween Brands.

**RESPONSE:** Ms. Robinson-Russell's claim for defamation, which is based on the allegations set forth in Paragraph 42 of the Complaint, is subject to Defendants' Motion for Partial Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6), which was filed on January 3, 2008 . Therefore, a response/answer to Paragraph 42 is not required at this time.

<u>**Prayer for Relief**</u>

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that this Court assume jurisdiction of this action, and after trial:

43.    Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendants are violative of the rights of the Plaintiffs as secured by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981.

**RESPONSE:** Defendants deny that Plaintiffs are entitled to any of the relief requested in Paragraph 43.

44.    Grant Plaintiffs a permanent injunction enjoining the Defendants, its agents, successors, employees, attorneys and those acting in concert with the Defendants from continuing to violate Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.  2000e et seq., and 42 U.S.C. § 1981.

**RESPONSE:** Defendants deny that Plaintiffs are entitled to any of the relief requested in Paragraph 44.

45.    Enter and Order requiring the Defendants to make the Plaintiffs whole by reinstating their employment status with Defendants, awarding them compensatory and punitive damages, and/or nominal damage, declaratory relief, and injunctive relief.

**RESPONSE:** Defendants deny that Plaintiffs are entitled to any of the relief requested in Paragraph 45

46.    The Plaintiffs further pray for such other relief as the cause of justice may require, including but not limited to, an award of costs, attorneys' fees and expenses.

**RESPONSE:** Defendants deny that Plaintiffs are entitled to any of the relief requested in Paragraphs 46.

WHEREFORE, Defendants, Tween Brands, Inc., Justice Stores LLC, Carissa Godwin and Ami Lane collectively and individually request that the instant Complaint be dismissed in its entirety, that they be awarded their attorneys' fees and costs and such other relief as is deemed to be just and proper.

### Affirmative Defenses

### First Defense

Plaintiffs' Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### Second Defense

All actions taken and decisions made by Defendants with respect to Plaintiffs were made in good faith and were based on legitimate, nondiscriminatory reasons and are therefore legally privileged.

### Third Defense

Defendants did not publish any false or defamatory information regarding Plaintiffs. Moreover, any statements made by Defendants concerning Plaintiffs were true.

### Fourth Defense

Any publications or statements made by Defendants about Plaintiffs are covered by and/or were made subject to an absolute and/or a qualified privilege.

### Fifth Defense

Some or all of the Plaintiffs' claims under Title VII are barred, in whole or in part, to the extent that they exceed the scope of the Charges of Discrimination filed by Plaintiffs with the Equal Employment Opportunity Commission.

### Sixth Defense

Plaintiffs' claims under Title VII are barred because some or all of the Plaintiffs have failed to exhaust requisite administrative remedies and/or fulfill the requisites to the maintenance of this law suit.

### Seventh Defense

Upon information and believe, Plaintiffs have failed to properly mitigate their alleged damages.

### Eighth Defense

Plaintiffs have failed to allege facts sufficient to support recovery of punitive damages and cannot otherwise establish that they are entitled to punitive damages.

### Ninth Defense

Plaintiffs' claims for punitive damages are barred by Defendants' good faith efforts to comply with federal and state law, including Title VII, Section 1981 and all other laws pertaining to employment.

### Tenth Defense

The remedies requested in the Complaint may be barred by the doctrine of after-acquired evidence.

### Eleventh Defense

Plaintiffs' Complaint and the relief sought therein are barred by the applications of the equitable doctrine of laches and estoppel.

### Twelfth Defense

Plaintiffs' Claims in Counts I and II of the Complaint of purported "pattern and practice" discrimination are without bases in these individual treatment cases by three defendants; hence, such allegations should be dismissed.

**WHEREFORE**, Defendants prays that:

A.    Plaintiff's Complaint be dismissed with prejudice in its entirety;

B.    Plaintiff take nothing in this action;

C.    Defendants be awarded judgment for its costs of suit and attorneys' fees; and

D.    Defendants be awarded such other and further relief as the Court deems just and proper.

Respectfully submitted this 3rd day of January, 2008.

s/ R. Bradley Adams

**R. Bradley Adams**
Alabama Bar No. ASB 8742-E67A
Email: radams@littler.com
LITTLER MENDELSON. P.C.
63 South Royal Street, Suite 709
Mobile, AL 36602
Phone: 251-432-0413
Fax: 251-432-0427

**Grady B. Murdock, Esq.**
Illinois Bar No. 1992236
Littler Mendelson, PC
200 North LaSalle Street, Suite 2900
Chicago, IL 60601-1014
Phone: 312-795-3233
Fax: 312-372-7880
Email: gmurdock@littler.com

**Terese Connolly, Esq.**
Illinois Bar No. 6282685
Littler Mendelson, PC
200 North LaSalle Street, Suite 2900
Chicago, IL 60601-1014
Phone: 312-795-3233
Fax: 312-372-7880
Email: tconnolly@littler.com

**Latesa Bailey, Esq.**
Georgia Bar No. 107705
Littler Mendelson, PC
3348 Peachtree Road, N.E., Suite 1100
Atlanta, GA 30326-1008
Phone: 404-760-3942
Fax: 404-233-2361
Email: lbailey@littler.com

**ATTORNEYS FOR DEFENDANTS**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| JENNIFER PERRY, CATRINA KNIGHT, and TALITHA ROBINSON-RUSSELL | * * * | |
| Plaintiffs, | * * | |
| v. | * * | CIVIL ACTION NO. |
| | * | 2:07-CV-1067-WKW-SRW |
| TWEEN BRANDS, INC., JUSTICE STORES, L.L.C., CARISSA GODWIN and AMI LANE, | * * * * | |
| Defendants. | * | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 3, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **Christopher Stephen Genereux, Esq.** (csgenereux@tmgslaw.com), **Jacqueline C. Smoke, Esq.** (jcsmoke@tmgpc.com), and **Tyrone Carlton Means, Esq.** (tcmeans@tmgpc.com), Attorneys for Plaintiff.

s/R. Bradley Adams
R. BRADLEY ADAMS
Alabama Bar No. ASB 8742-E67A
Littler Mendelson, P.C.
63 South Royal Street, Suite 900
Mobile, Alabama 36602
Telephone:  251-432-4540
Fax:  251-432-0427
Email:  radams@littler.com

**ATTORNEY FOR DEFENDANTS**