UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JENNIFER PERRY, ) | |
| CATRINA KNIGHT and ) | |
| TALITHA ROBINSON- RUSSELL, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No.: 2:07-CV-1067-WKW-SRW |
| ) | |
| TWEEN BRANDS, INC., ) | |
| JUSTICE STORES, L.L.C. ) | |
| CARISSA GODWIN, and AMI LANE, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION FOR PARTIAL DISMISSAL**

COME NOW the Plaintiffs, by and through undersigned counsel, and in support of their opposition to the Defendants' Motion for Partial Dismissal, say as follows:

**I.    USE OF ORAL TESTIMONY FROM ADIR HEARING**

Oral testimony given during an Alabama Department of Industrial Relations hearing is not privileged and confidential under Alabama Code § 25-4-116, and, therefore, such testimony may be used as evidence in support of Plaintiff's claim. Defendants claim that statements made during an Alabama Department of Industrial Relations ("ADIR") hearing on unemployment compensation benefits are absolutely privileged and cannot be relied upon as a basis for a defamation claim, citing Alabama Code § 25-4-116, which states in relevant part:

> All letters, reports, communications and other matters, written or oral, from employer or employee to each other or to the director or any of his agents, representatives or employees, or to any official or board functioning under this chapter, which shall have been written, sent, delivered or made in connection with the requirements and administration

> of this chapter, shall be absolutely privileged and shall not be made the subject matter or basis for any civil action for slander or libel in any court.

However, this Court has clearly held that "the testimony at the hearing before the Appeals Referee is not privileged." Thorne v. Big "D" Discount Auto Parts of Dadeville, Inc., 92 F.D.R. 55, 58 (M.D. Ala. 1981). In Thorne, this Court analyzed Alabama Code § 25-4-116 in the context of a case where a party sought to use the recording of the ADIR hearing in subsequent litigation between the parties that were involved in the unemployment compensation hearing, stating that:

> The statute lists several groups of documentary evidence designated as confidential. These groups include work records from the employer, reports on employment, wages, and hours required by the Department, and all letters, reports, or communications between employer and employee to each other or the Department. Although the statute includes "written or oral" communications in this last group, the records and other communications appear to be those collected for the purpose of supervising the unemployment compensation program or preparing for a hearing on a disputed claim. **Neither category would include the record of the testimonial evidence given at the hearing on the claim**.
>
> **The policy behind the grant of confidentiality also supports this Court's conclusion that the recording of the hearing is not privileged**. … Confidentiality of the hearing record, however, is not necessary to assure that the employer will appear at the hearing. … Moreover, this case does not present the issue of a third party to the unemployment claim trying to obtain the testimony; but only the issue of whether one of the parties involved in the unemployment compensation hearing, who presumably was present when the subpoenaed testimony was given, can acquire the recording for use in subsequent litigation between the same parties. **Since plaintiff is seeking a record of sworn testimony which he has already heard, confidentiality of that record serves little or no purpose.**

92 F.D.R. at 57. The Alabama Supreme Court has agreed with and adopted the Thorne analysis. See Ex parte Mardis, 628 So. 2d 605, 607 (Ala. 1993). While Thorne involved a cause of action based on federal law, Mardis was based on state law sexual harassment claims. Id. The Mardis Court explained that "[t]he question of whether the record of an unemployment compensation hearing should be privileged, and, therefore, unavailable to a party to that hearing, was

thoroughly discussed in Thorne." Id.

The Mardis Court clearly and unequivocally held that **"[t]he law is now clear: the record of testimony during an unemployment compensation hearing is not privileged under § 25-4-116**. Thorne, supra, 92 F.R.D. at 58. The Thorne case has been published for over 10 years; its holding and analysis are set forth in the Michie editor's annotation following § 25-4-116 of the Code. If the Legislature intended the testimony at an unemployment compensation hearing to be protected as confidential by the statutory privilege of § 25-4-116, it has had ample time to amend that Code section to make it state that intent." Id. at 608 (*emphasis added*).

Defendants rely upon Johnson v. Federal Express Corp., 147 F. Supp. 2d 1268 (M.D. Ala. 2001), and Watters v. Louisiana Pacific Corp., 156 Fed. Appx. 177 (11th Cir. 2005), in support of their argument that Alabama Code § 25-4-116 prevents Plaintiffs from basing defamation claims upon statements made during an ADIR hearing on unemployment compensation benefits. The Johnson Court held that "Alabama law provides that 'all' communications from an employer to ADIR 'shall be absolutely privileged and shall not be made the subject matter or basis for any civil action for slander or libel in any court.'" 147 F. Supp. 2d at 1277. However, Johnson did not involve statements made under oath during a recorded administrative hearing involving the same parties to the subsequent litigation. Johnson involved a report submitted by the employer to the ADIR (and not provided to the employee) in response to an unemployment compensation claim.

While the 11th Circuit in Watters stated that "Alabama statute provides that communications made in connection with the administration of the Department of Industrial relations are absolutely privileged and cannot form the basis for an action for slander or libel in any court. Ala.Code. § 25-4-116 (2005); see also, Dixon v. Economy Co., 477 So.2d 353, 354

(Ala.1985). … [and] appellants cannot rely on statements made at their unemployment compensation hearings, as those are privileged by virtue of § 25-4-116," 156 Fed. Appx. at 179, that is clearly an incorrect statement of Alabama law. First, the case law the 11th Circuit cited for this proposition, Dixon v. Economy Co., 477 So. 2d 353 (Ala. 1985), involved a voluntarily written letter and has absolutely nothing to do with oral testimony during an ADIR hearing. According to Dixon, "Section 25-4-116 provides that the Department of Industrial Relations shall keep such information confidential and that **no letters from employers to the department** written 'in connection with the requirements and administration of this chapter **shall ... be made the subject matter or basis for any civil action for slander or libel in any court**.'" 477 So. 2d at 354 (*internal citation omitted*) (*emphasis added*). Second, the Alabama Supreme Court's interpretation of Alabama Code § 25-4-116 in Ex parte Mardis, *supra*, clarifies any possible ambiguity from the earlier decision in Dixon regarding the scope of confidentiality and privilege under that statute, which was simply mentioned but not really discussed in Dixon.

"The law is now clear: **the record of testimony during an unemployment compensation hearing is not privileged under § 25-4-116**." Mardis, 628 So. 2d at 608 (*emphasis added*). Accordingly, there is no prohibition on testimony given during the ADIR hearing being used by Plaintiff in support of her defamation claim. Therefore, Defendants' argument in support of their motion to dismiss the defamation claim is due to be dismissed.

## II.    SUFFICIENCY OF PLEADINGS

### A.    PLEADING STANDARDS

Plaintiffs' Complaint is only required to include "a short and plain statement of the claim showing that the pleader is entitled to relief." FRCP R. 8(a)(2). See also Swierkiewicz v. Sorema

4

N. A., 534 U.S. 506, 512 (2002). In Swierkiewicz, the Supreme Court held that "imposing … [a] heightened pleading standard in employment discrimination cases conflicts with Federal Rule of Civil Procedure 8(a)(2), which provides that a complaint must include only a 'short and plain statement of the claim showing that the pleader is entitled to relief.' Such a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.' … This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Id. (*internal citations omitted*).

Relying on Bell Atlantic Corporation v. Twombly, 127 S. Ct. 1955, 1965 (2007), Defendants argue that "[t]o survive a motion to dismiss, a complaint 'requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action' [and that] the complaint must allege sufficient facts to support a 'plausible' – and not merely 'conceivable' – claim for relief" (Defendants' Memorandum at p.5). However, The Supreme Court has clearly held that an employment discrimination complaint, which is what is before this Court, "must satisfy only the simple requirements of Rule 8(a)." 534 U.S. at 513. The Bell Atlantic opinion actually states:

> **This case presents the antecedent question of what a plaintiff must plead in order to state a claim under § 1 of the Sherman Act**. Federal Rule of Civil Procedure **8(a)(2)** requires only **"a short and plain statement of the claim showing that the pleader is entitled to relief,"** in order to **"give the defendant fair notice of what the ... claim is and the grounds upon which it rests**," Conley v. Gibson*,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ibid*.;* Sanjuan v. American Bd. of Psychiatry and Neurology, Inc*.,* 40 F.3d 247, 251 (C.A.7 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain*,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). … ("[T]he pleading must contain something more ... than ... a

5

> statement of facts that merely creates a suspicion [of] a legally cognizable right of action"),[FN3] on the assumption that all the allegations in the complaint are true (even if doubtful in fact), see, e.g., Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).

127 S. Ct. at 1964-65 (*emphasis added*). Bell Atlantic was not an employment discrimination case, but rather a Sherman Act case. As the Supreme Court clearly indicated, the Court was considering the specific question of "question of what a plaintiff must plead in order to state a claim under § 1 of the Sherman Act." Id. at 1964. In Bell Atlantic, the Supreme Court actually held:

> **In applying these general standards to a § 1 claim, we hold that stating such a claim requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made**. Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement.

Id. at 1965 (*emphasis added*). Accordingly, the snippet of the Bell Atlantic case cited by Defendants is taken entirely out of context and is not applicable controlling precedent for the Plaintiffs' Complaint.

On the other hand, Swierkiewicz v. Sorema N. A., 534 U.S. 506 (2002), also an employment discrimination case, clearly applies to the issue before this Court. To reiterate, a "heightened pleading standard in employment discrimination cases conflicts with Federal Rule of Civil Procedure 8(a)(2), which provides that a complaint must include only a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" Id. at 512.

While the Eleventh Circuit Court of Appeals recently issued an opinion in Davis v. Coca-Cola Bottling Company, __ F. 3d __, 2008 WL 314962, * 8 (11th Cir. Feb. 6, 2008), that arguably suggests a heightened pleading standard, based upon Bell Atlantic, in an employment

discrimination case (which Bell Atlantic clearly was not), such an interpretation appears clearly conflict with the Supreme Court's holding in Swierkiewicz v. Sorema N. A., 534 U.S. 506. In Davis, the Eleventh Circuit, in a footnote, stated that they "understand [Bell Atlantic v.] Twombly as a further articulation of the standard by which to evaluate the sufficiency of all claims brought pursuant to Rule 8(a)" 2008 WL 314962 at *8 (FN43). Despite the footnote suggesting their own opinion to the contrary, the Davis court acknowledged that "Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.' The point is to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" Id. at *8 (*internal citations omitted*). Even if the Davis opinion correctly states the pleading standard for a employment discrimination complaint, the facts in Davis are readily distinguishable from the present case, the allegations in Plaintiffs' Complaint should not be dismissed as insufficient under Davis.

In Davis, there were nine plaintiffs who alleged in their complaint that their employer was "maintaining a 'pattern or practice' of discrimination against them and all other similarly situated employees on account of their race, which is black, with respect to hiring, promotion, pay, a racially hostile workplace environment, and light work assignments." 2008 WL 314962 at *1. The Title VII count alleged that the employer "discriminates against its black non-supervisory employees, as a class, by maintaining a pattern or practice of race discrimination as to 'pay, raises, benefits, ability to advance, and right to be free of racial discrimination, harassment and intimidation, and other terms and conditions of employment.'" Id. at *2. The Davis court further explained that the "complaint contains no count in which a plaintiff alleges that he was, or is, a victim of one or more specific features of the above pattern or practice of race discrimination. Rather, the complaint implies--in Counts I and II and the prefatory

7

allegations preceding Count I--that all nine plaintiffs, and all other black non-supervisory employees of CCBCC, have experienced, and are continuing to suffer from, all of the features of the alleged pattern or practice." Id.

Unlike the situation in Davis, the three Plaintiffs in the present case specifically pleaded that:

> Plaintiffs Perry and Knight repeatedly sought and were denied the opportunity for promotion to the position of Store Manager and Plaintiff Robinson-Russell repeatedly sought and was denied the opportunity for promotion to the District Manager position when the Defendant Tween Brands, Inc. or its predecessor Too, Inc. instead promoted lesser tenured and lesser qualified non-African-American individuals to the Store Manager position and District Manager positions. Plaintiffs Perry and Robinson-Russell were subjected to unsubstantiated allegations of theft of money and merchandise by Tween Brand management personnel.

Plaintiffs' Complaint at ¶ 22. Accordingly, all three Plaintiffs have sufficiently pled that they were each victims of specific acts of discrimination by the Defendants, unlike the plaintiffs in Davis. See 2008 WL 314962 at *2. Plaintiffs' Complaint clearly gives the Defendants fair notice of their claims and the grounds upon those claims rest, and clearly satisfies the notice pleading requirements of FRCP Rule 8(a)(2).

### B.  PATTERN AND PRACTICE EVIDENCE

Plaintiffs' Complaint does not contain a "pattern and practice claim." Additionally, Plaintiffs have not purported to represent any class of similarly situated individuals, and only have made individual claims against the Defendants. While Defendants argue that the portions of the Complaint that allege pattern and practice should be dismissed, or in the alternative, striken, Plaintiffs' "pattern and practice" language should not be read to constitute a free-standing pattern and practice claim. Rather, Plaintiffs intend to use pattern and practice evidence to bolster their

8

individual prima facie cases and to show pretext on the part of the Defendants. See <u>Rasor v. Rice</u>, 2005 WL 2978332 (M.D.Fla. Nov. 7, 2005). In <u>Rasor v. Rice</u>, the court held that, while "Plaintiff may not pursue a pattern-or-practice claim as a free standing and self sufficient method of proof[,] **Plaintiff may attempt to use pattern-and practice evidence to bolster her individual prima facie case under *McDonnell Douglas* or to show pretext on the part of Defendants.** However, the Court will consider pattern-and-practice evidence offered by Plaintiff only where such evidence is relevant to a particular claim of the Plaintiff." <u>Id</u>. at *1 (*emphasis added*). The <u>Rasor</u> Court cited "Judge Hodges … well-reasoned order in <u>NAACP v. Florida Department of Corrections</u>, No. 5:00-cv-100-WTH-GRJ, 2000 U.S. Dist. LEXIS 27841, * 12 (M.D.Fla. Aug. 23, 2002) … [for the proposition that] a plaintiff is not necessarily 'precluded from offering relevant statistical evidence to show a '**pattern**-or-**practice**' of racial **discrimination** to bolster their individual prima facie **cases**, or to show that the [employer's] reasons for a particular adverse employment decision were pretexual.' <u>Id</u>. at* 20." 2005 WL 2978332 at *1.

Since Plaintiffs' Complaint did not state a "pattern and practice claim," but rather addressed the fact that Plaintiffs intend to use pattern and practice evidence to support their prima facie cases and to show the Defendants' actions were pretextual, there is no reason for this Court to dismiss or strike the paragraphs of the Complaint as requested by the Defendants. Accordingly, Defendants' argument that "Plaintiffs' use of 'pattern and practice' language in Paragraphs 22, 26, and 33 is misplaced" is a misstatement of Plaintiffs' allegations, is without any merit, and is due to be denied.

Respectfully submitted,

/s/ Christopher S. Genereux
_____
TYRONE C. MEANS (ASB 8760-S80T)
JACQUELINE C. SMOKE (ASB 1617-M71J)
CHRISTOPHER S. GENEREUX (ASB 5703-T76G)
Attorneys for Plaintiffs

OF COUNSEL:

Tyrone C. Means, Esq.
THOMAS, MEANS, GILLIS & SEAY,P.C.
3121 Zelda Court
P.O. Drawer 5058
Montgomery, AL 36103-5058
(334) 270 – 1033 Office
(334) 260 – 9396 Facsimile

Jacqueline C. Smoke, Esq.
Christopher S. Genereux, Esq.
THOMAS, MEANS, GILLIS & SEAY,P.C.
Suite 400
505 N 20th Street
Birmingham, AL 35203
(205) 328 – 7915 Office
(205) 214 – 6160 Facsimile

CERTIFICATE OF SERVICE

I hereby certify that on this the 14th day of February, 2008, I electronically filed the foregoing Plaintiffs' Memorandum in Opposition to Defendants' Motion for Partial Dismissal with the clerk of the court using CM/ECF system that will send notification of such filing to the following attorneys of record for defendants: R. Bradley Adams, Esq. (radams@littler.com), Grady B. Murdock, Esq. (gmurdock@littler.com), Terese Connolly, Esq. (tconnolly@littler.com), Latesa Bailey, Esq. (lbailey@littler.com), Attorneys for Defendants.
.

/s/ Christopher S. Genereux
_____
CHRISTOPHER S. GENEREUX (ASB 5703-T76G)
Attorney for Plaintiffs
THOMAS, MEANS, GILLIS & SEAY,P.C.
505 N 20th Street, Suite 400
Birmingham, AL  35203
(205) 328 – 7915 OF
(205) 214 – 6160 FX
Email: csgenereux@tmgslaw.com

11